UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT PEARSON,

                Plaintiff,

      -against-

STATE OF NEW YORK,

                Defendant.

21-CV-5911 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently in custody at the Orange County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was unlawfully charged with violating parole. By order dated August 5, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] The complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## BACKGROUND

Plaintiff filed this complaint against the State of New York, alleging that he was "wrongfully accused" of violating parole, and "put [] in jail for no reason." (ECF 2 ¶ V.) He also alleges that he told his parole officer and supervisory parole officers that his "life was in danger" because he was required to live at a residence in Newburgh, New York, "with convicted felons" who "threatened to kill" him. Plaintiff further alleges that his parole officer was having sex with a convicted felon who was assigned to his parole officer's "case load." Plaintiff states that he feared for his life and was forced to "sleep in the streets for 5 or 6 months." He seeks $200,000 in damages, and to be "off parole." (*Id.* ¶ VI.)

## DISCUSSION

### A.   State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). The State of New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990).

Accordingly, the Court dismisses Plaintiff's claims against New York State under the doctrine of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.   Challenge to parole revocation

To the extent that Plaintiff wishes to challenge the revocation of his parole, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson*, 544 U.S. at 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is

sole remedy for prisoner seeking to challenge the fact or duration of his confinement)). But before challenging the revocation of his parole, Plaintiff must first exhaust all available state-court remedies, including any available administrative appeals and state-court proceedings, such as an Article 78 proceeding. *See, e.g.*, *Smith v. Smith*, No. 17-CV-0258, 2018 WL 557877, at *5 (N.D.N.Y. Jan. 22, 2018) (discussing exhaustion options in context of a parole revocation). Then, after exhausting all available state court remedies, Plaintiff may file in this Court a petition for a writ of *habeas corpus*.

Because Plaintiff has not exhausted his state court remedies, the Court denies without prejudice any *habeas corpus* claims he may seek to bring.

## CONCLUSION

The Court dismisses Plaintiff's claims against New York State under the doctrine of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's *habeas corpus* claims are dismissed without prejudice.

Because Plaintiff makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

4

      The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   August 20, 2021
           New York, New York

                                          /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge